IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAIME RODRIGUEZ, )<br>)<br>Defendants. )<br>)<br>_____ ) | Case No. 09-20119-12-JWL |

### **MEMORANDUM AND ORDER**

The matter is presently before the Court on defendant's motion to proceed *in forma pauperis* on appeal (Doc. # 775) and his pro se motion to proceed *in forma pauperis* on appeal (Doc. # 798). For the reasons set forth below, the motions are **denied**.

### **I.    Procedural Background**

Defendant was named in a superseding indictment filed in this case on March 24, 2010. On May 6, 2010, after his arrest, defendant appeared before a Magistrate Judge, who appointed counsel for defendant, based on a finding that defendant was financially unable to retain counsel. In November 2010, retained counsel first began representing defendant, and appointed counsel withdrew. On December 30, 2010, the Court accepted defendant's plea of guilty to one count of conspiring to distribute and possess with intent

to distribute more than five kilograms of cocaine, more than 50 grams of methamphetamine, and marijuana. In his plea agreement, defendant waived any right to appeal or collaterally attack his conviction or sentence (if below or within the guideline range), except for claims of ineffective assistance of counsel or prosecutorial misconduct. On April 11, 2011, the Court imposed sentence on defendant, including a term of imprisonment of 121 months (below the guideline range of 240 months, based on defendant's having provided substantial assistance). On April 14, 2011, defendant filed a pro se notice of appeal, which included a request for appointed appellate counsel.

On June 27, 2011, defendant filed, through his retained counsel, a motion to proceed *in forma pauperis* (IFP) on appeal, which included a form affidavit in which defendant denied having any assets. The government opposed the motion for the reason that the motion did not contain an affidavit in the form required by Fed. R. App. P. 24(a)(1), and on June 30, 2011, the Court denied the motion without prejudice to the filing of a motion in compliance with Rule 24(a)(1). On August 24, 2011, defendant filed, through retained counsel, another motion to proceed IFP on appeal (Doc. # 775), which included a lengthier form affidavit concerning defendant's financial status. In response, the government noted that defendant had failed again to provide the affidavit required under Rule 24(a)(1), and it also argued that defendant had failed to identify non-frivolous issues that he was pursuing on appeal. Then, on October 6, 2011, defendant filed a pro se motion to proceed IFP on appeal (Doc. # 798), which included an affidavit in the form required by Rule 24(a)(1). The government filed a response on October 14,

2011, and the two pending motions are therefore now at issue.

**II.     Analysis**

The Court first notes that, although the government has consistently based its arguments on Rule 24(a)(1), it appears that Rule 24(a)(3) actually applies here. Rule 24(a)(1) provides:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Rule 24(a)(3), however, provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>>
>> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3). In this case, notwithstanding his subsequent retention of

3

counsel, defendant was at one time determined by the Court to be financially unable to retain counsel. Thus, defendant is entitled to proceed IFP on appeal unless this Court certifies that the appeal is not taken in good faith or that defendant is not otherwise entitled to proceed IFP. *See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. U.S.*, 369 U.S. 438, 445 (1962) ("good faith" in the context of 28 U.S.C. § 1915(a)(3) is demonstrated when the defendant "seeks appellate review of any issue not frivolous," under an objective standard); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (IFP request on appeal requires demonstration of "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal") (internal quotation omitted).

In response to defendant's filing of the Form 4 affidavit with his pro se motion, the government has not raised any issue with respect to defendant's financial ability to retain counsel. Accordingly, the Court only considers whether defendant's appeal is taken in good faith.

In his pro se motion, defendant identified the following issues for appeal:

    1) Conviction of over 15 years was used as Criminal History.; 2) Trial Counsel did NOT object to P.S.I.: 3) Trial Counsel did not give [defendant] P.S.I. on Time to Object.; 4) Gun Enhancement. [*Sic*]

The Court agrees with the government that any appeal based on these issues would be frivolous.

First, by his plea agreement, defendant has unambiguously waived the right to

4

appeal or collaterally challenge any substantive issues concerning his sentence. *See U.S. v. Crane*, 2005 WL 3388602, at *2 (10th Cir. Dec. 13, 2005) (unpub. op.) (denying IFP request and finding appeal to be frivolous where defendant was previously informed that he waived his right to appeal or to collaterally challenge his sentence); *U.S. v. Moten*, 2006 WL 897590, at *1-2 (D. Kan. Mar. 9, 2006) (denying IFP status for appeal in light of waiver of appeal right). In considering an appeal after waiver, the Court is charged by the Tenth Circuit to determine the following:

> (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.

*U.S. v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). These factors favor the government here. The substantive issues for appeal identified by defendant—relating to the prior conviction and the firearm enhancement—clearly fall with the scope of the appeal waiver. The Court engaged in an extensive colloquy with defendant concerning the plea agreement, including the waiver provision, and it determined that defendant knowingly and voluntarily entered into that agreement. Defendant has not suggested that his plea was not knowing and voluntary. Finally, there is no basis to find that enforcing the waiver would result in a miscarriage of justice, as any claim of ineffective assistance here does not relate to the negotiation of the waiver, and the sentence and waiver were not unlawful. *See id.* at 1327. Accordingly, the Court concludes that defendant has no

5

good-faith basis for an appeal of these substantive issues in light of his waiver.[1]

The only other appeal issues identified by defendant relate to alleged errors by his counsel in failing to object to the Presentence Report and to give a copy of that report to defendant in a timely fashion. First, the only possible prejudice from such failures would relate to a meritorious objection that could have been raised, but no such objection has been identified. *See supra* note 1. Second, a claim of ineffective assistance of counsel should be brought in a collateral proceeding and not on direct appeal, and such an appeal is presumptively dismissible. *See U.S. v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005). In this case, a collateral proceeding would be required to develop a factual record concerning counsel's performance relating to the Presentence Report; accordingly, any appeal based on the conduct by counsel that defendant has identified

---

[1]Moreover, the Court agrees with the government that, even absent the waiver, these two issues would be frivolous. According to the factual basis to which defendant agreed in his plea agreement, defendant's participation in the conspiracy began at least in November 2008. The only prior conviction used in computing defendant's guideline range was for possession of narcotics, in which defendant was sentenced to probation on October 21, 1993, but then sentenced to 16 months of imprisonment after his probation was revoked on January 20, 1994. Accordingly, because the imprisonment for the conviction continued within 15 years of the offense conduct in this case, the prior conviction was properly considered. *See* U.S.S.G. § 4.1A2(e) (prior sentence of imprisonment exceeding one year should be counted if defendant was incarcerated during any part of the 15-year period preceding defendant's commencement of the instant offense). The two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, including a firearm, was amply supported by the factual basis to which defendant agreed, which included the fact that Rodriguez and others brought a firearm on at least one trip to deliver drug proceeds. Finally, the Court notes that because it imposed a sentence based on defendant's substantial assistance, that sentence was not directly based on the Presentence Investigation Report's calculation of the adjusted offense level.

6

would be frivolous. *See U.S. v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) (ineffective assistance claim may be addressed on direct appeal only in rare instance where the record is sufficient or the claim does not merit further factual inquiry).

For these reasons, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), that defendant's appeal is not taken in good faith. Accordingly, the Court denies defendant's motions to proceed on appeal *in forma pauperis*.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motions to proceed *in forma pauperis* (Doc. ## 775, 798) are **denied**. The Court certifies that defendant's appeal is not taken in good faith.

IT IS SO ORDERED.

Dated this 1st day of November, 2011, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge